IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN BROOKINS,<br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE #1 and THE CITY OF PHILADELPHIA,<br>    Defendants. | :<br>:<br>:<br>:   Civil No.<br>:<br>:<br>:   Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION COMPLAINT**

**NOW COMES** Karen Brookins, by and through her attorneys John J. Coyle and Mark V. Maguire of McEldrew Purtell, complaining of Defendants John Doe #1 and the City of Philadelphia. In support thereof, Plaintiff avers as follows:

**NATURE OF THE COMPLAINT**

1. Karen Brookins is the mother of Marcus Boone. Mr. Boone struggled with mental health issues and on March 18, 2022 Mr. Boone committed suicide by jumping from a bridge on I-95 in northeast Philadelphia. In the moments leading up to and following Mr. Boone's death, Philadelphia police were present at the scene and formed a perimeter. In the immediate moments after Mr. Boone's death, John Doe #1 – a Philadelphia Police Officer present at the scene – took photographs of Mr. Boone's deceased body on the ground from the vantage point of where he jumped. This photograph was then texted and shared repeatedly on social media, including on Facebook and the Citizen App. The photographs were shown to Mrs.

Brookins by complete strangers resulting in severe and traumatic mental pain and anguish. These photographs can still be found on the internet and likely will persist there in perpetuity.

2. John Doe #1's actions were conscience shocking and egregious. Plaintiff brings these claims against John Doe #1 and the City of Philadelphia for a violation of her Fourteenth Amendment right to privacy and for intentional infliction of emotional distress under state law.

## JURISDICTION AND VENUE

3. Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of Plaintiff's rights secured by the United States Constitution.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

5. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) in that this is the District where the claims arose.

## JURY DEMAND

6. Plaintiff demands a jury on all issues and claims set forth in this Complaint pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b).

## PARTIES

7. Plaintiff Karen Brookins is, and at all times relevant to this Complaint was, an adult individual and a resident of the State of New Jersey. Plaintiff Karen Brookins is the mother of

Marcus Boone, deceased.

8. Defendant John Doe #1, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

9. Defendant City of Philadelphia is, and at all times relevant to this Complaint, was a municipality located in the Commonwealth of Pennsylvania. The City of Philadelphia is, and at all times relevant to this Complaint, was officially responsible for the policies, customs, and practices of the Philadelphia Police Department. The City of Philadelphia was at all times relevant to this Complaint the employer of Defendant John Doe #1.

## OPERATIVE FACTS

10. On March 18, 2022, Marcus Boone was suffering from a severe mental health episode. On that day he went to the Knights Road overpass off I-95 near Academy Road and expressed his serious mental health concerns.

11. Philadelphia Police responded, created a perimeter, and interacted with Mr. Boone for approximately three hours.

12. Despite the interactions, Mr. Boone tragically jumped from the bridge taking his own life.

13. After Mr. Boone's death, John Doe #1 took pictures on his personal phone of Mr. Boone's body lying on the street below.

14. These photos were not taken for the purposes of any investigation but rather were taken as a spectacle to be shared with gore-seeking individuals.

15. John Doe #1 then proceeded to share the photographs via text message, Facebook, and the citizen app.

16. John Doe #1's actions were not taken for any legitimate purpose but instead the result of a callous, reckless, and malicious effort to share salacious death photographs.

17. The photographs taken and shared by John Doe #1 were wildly viewed and shared across text message and social media collecting thousands of views.

18. The circulation was so broad that Plaintiff was shown the picture by a Sunoco gas station attendant named "Frank" who did not know the deceased was Plaintiff's son.

19. As a result of John Doe #1's conscience shocking behavior, Plaintiff Karen Brookins has suffered severe emotional distress including sleeplessness, anxiety, depression, and post-traumatic stress disorder. John Doe #1's actions caused pain and debilitating worry to Plaintiff that other family members may see the photographs as well.

20. Plaintiff has sought the treatment of both a therapist and a grief counselor to deal with her mental anguish.  That treatment continues to present day.

## COUNT I: VIOLATION OF PRIVACY INTEREST
*Plaintiff v. John Doe #1*

21.  Plaintiff herein incorporates the foregoing paragraphs by reference.

22. John Doe #1's actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body, violated Plaintiff's Fourteenth Amendment privacy rights.

23. John Doe #1's actions were taken under color of state law and by means of his access to the crime scene as a member of the Philadelphia Police department.

24. John Doe #1's actions were callous, malicious, and conscience-shocking.

25. As a result of John Doe #1's actions, Plaintiff suffered severe emotional distress, sleeplessness, anxiety, depression, post-traumatic stress disorder and has been required to expend money for mental health care and will be required to do so in the future.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against all the Defendant pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §1985 and §1988, and any other remedies legally appropriate.

### COUNT II: MUNICIPAL LIABILITY
*Plaintiff v. The City of Philadelphia*

26. Plaintiff herein incorporates the foregoing paragraphs by reference.

27. John Doe #1's actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body, violated Plaintiff's Fourteenth Amendment privacy rights.

28. Defendant the City of Philadelphia failed to maintain any policies or training regarding the privacy rights of family members in the context of photographing or sharing photographs of deceased individuals.

29. Defendant City failed to implement such policies despite the knowledge that officers were likely to encounter such a situation and absent training were likely to violate the rights of family members of deceased persons.

30. Defendant City's failure was the moving force behind the violation of Plaintiff's 14th Amendment rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Defendant pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §1985 and §1988, and any other remedies legally

appropriate.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*Plaintiff v. All Defendants*

31. Plaintiff herein incorporates the foregoing paragraphs by reference.

32. John Doe #1's actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body were shocking, callous, malicious, and without regard for human decency.

33. John Doe #1's actions were intended and did cause the extreme mental anguish and suffering of Plaintiff.

34. John Doe #1's actions constituted willful misconduct under the law.

35. At all times relevant hereto, Defendant John Doe #1 was working in the scope of his employment with Defendant the City of Philadelphia.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally pursuant to state law including interest, delay damages, costs of suit, compensatory and punitive damages, and any other remedies legally appropriate.

Respectfully submitted,

McEldrew Purtell

<u>/s/ John J. Coyle</u>
John J. Coyle
Mark V. Maguire
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
215-545-8800
jcoyle@mceldrewpurtell.com
mmaguire@mceldrewpurtell.com

Date: January 31, 2024