IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
|  Plaintiff, : | |
|  : | **Civil Action** |
|  v. : | **No. 24-470** |
|  : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|  Defendants. : | |
|  : | |

**ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of the Defendant City of Philadelphia's Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that Counts II and III are **DISMISSED** against Defendant City of Philadelphia **WITH PREJUDICE**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN BROOKINS, : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 24-470 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, the City of Philadelphia ("City") hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that the Court dismiss Counts II, and III against it with prejudice.

Date:  February 28, 2024          Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff, Karen Brookins, who tragically lost her son, seeks to hold the City liable for the injuries she suffered due to the allegedly callous actions of an individual officer. Despite the tragic facts of the case, Third Circuit case law bars the action against the City of Philadelphia ("City") under 42. U.S.C. § 1983 because Plaintiff has not suffered a cognizable constitutional injury. Moreover, the City is immune from liability with respect to an allegation of an intentional tort under Pennsylvania law. Accordingly, the City respectfully asks the Court to dismiss Plaintiff's claims against the City with prejudice.

## I. STATEMENT OF ALLEGED FACTS[1]

Plaintiff's Complaint alleges that on March 18, 2022 her son, Marcus Boone, lost his battle with mental illness when he tragically jumped from a bridge in Philadelphia. *See* Cmpl. (Docket 1 ¶¶ 10-12). Plaintiff alleges that an unidentified police officer, John Doe #1, photographed her son's body using a personal device for a non-law enforcement purpose. *Id* at ¶¶ 13-14. It is further

---

[1] The following recitation is taken from Plaintiffs' Complaint and accepted as true for the limited purposes of this motion to dismiss for failure to state a claim. *Cudjoe v. Dep't of Veterans' Affairs*, 426 F.3d 241, 244 (3d Cir. 2005); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Defendant does not concede that the allegations in the Complaint are supported by a factual basis.

alleged that the photo was shared via personal text messages, facebook, and the citizen app. *Id* at ¶ 15. Plaintiff learned of the existence of the photograph by a stranger, who did not know the individual decedent was her son. *Id* at ¶ 18. Plaintiff alleges emotional injuries from the dissemination of the photograph. *Id* at ¶ ¶ 19-20.

Plaintiffs bring the following claims: a violation of her constitutional privacy interests against John Doe #1 (Count I); a municipal liability claim against the City (Count II); and a claim for intentional infliction of emotional distress against all defendants (Count III).

The law does not permit recovery from the City of Philadelphia from the claims alleged by Counts II and III, as discussed below.

## II.    LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III.    ARGUMENT

### A. The Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Although there is no doubt that Plaintiff has suffered a tragic loss and has been further subjected to callous actions by the individuals who shared a sensitive photo, her Complaint does not plead a cognizable claim of municipal liability against the City under § 1983. A plaintiff cannot

recover against the City of Philadelphia under a *respondeat superior* theory of liability. To the extent Counts II and III are brought against the City pursuant to such a theory, they should be dismissed on that basis alone.

In order to prevail against the City of Philadelphia on a claim for municipal liability, a plaintiff must allege sufficient facts to establish that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). *Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In the Third Circuit, an unconstitutional policy, practice or custom is a distinct theory of liability from failure to train, supervise, investigate and/or discipline, as the latter require a specific showing of deliberate indifference. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019), *cert. denied sub nom. City of Camden, New Jersey v. Forrest*, 140 S. Ct. 902, 205 L. Ed. 2d 465 (2020) (internal citations omitted).

> Although [the Third Circuit has] acknowledged the close relationship between policy-and-custom claims and failure-or-inadequacy claims… the avenues remain distinct: a plaintiff alleging that a policy or custom led to his or her injuries must be referring to an unconstitutional policy or custom, and a plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected.

*Forrest*, 930 F.3d at 106.

To proceed on a policy-and-custom claim, a plaintiff must identify an offending policy or

custom and the way in which it led to a violation of a plaintiff's rights, *and* must demonstrate that an official with the power to make policy (i.e., a municipal "policymaker") is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom. *See Andrews*, 895 F.2d at 1480. Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

As an alternative to a policy or custom claim of municipal liability, a plaintiff can seek to establish municipal liability for failure to train or discipline. To adequately plead a failure to train or discipline claim, "it is not enough for the plaintiff to establish merely that the disciplinary process was inadequate. Rather, the plaintiff must show that the city's failure amounted to 'deliberate indifference to the rights of persons with whom the police come into contact.'" *McDaniels v. City of Philadelphia*, 234F.Supp.3d 637, 645 (E.D. Penn. 2017). A failure-to-discipline claim requires a pattern. *See Kirksey v. Ross.* 372 F. Supp. 3d 256, 263 (E.D. Pa. 2019). A *Monell* claim can only proceed if the well-founded, factual allegations of the Complaint establish that such policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, directly leading to the plaintiff's injury. *See, e.g., Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990).

**1. Plaintiff's Complaint fails to Adequately Plead a Constitutional Injury**

Plaintiff suffered a tragic loss and experienced further suffering by the actions of unknown individuals who posted and callously shared the photo described in the Complaint. Although the actions of the individual who took the photo and the individuals who shared the photo are rightfully

subject to criticism, those actions do not rise to the level of a Constitutional violation.

Though not explicitly mentioned in the constitution, the Third Circuit has recognized two privacy interests as inferred from the 14th Amendment. The first, which is not at issue in the present case, is the interest in independent determination of certain important life decisions. *See C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 178 (3d Cir.2005), *and Malleus v. George*, 641 F.3d 560, 564 (3d Cir.2011). The second, which appears to be the subject of Plaintiff's claim for constitutional relief, is the right to not have "intimate facts concerning one's life disclosed without one's consent." *C.N.*, 430 F. 3d at 179. The key inquiry is whether the information at issue is within the individual's reasonable expectation of confidentiality. *Id* at 179.

The types of information the Third Circuit has recognized as protected by this inferred constitutional right include: medical information of a privately employed individual sought by the government; medical, financial and behavioral information relevant to a police investigator's ability to work in dangerous conditions; a public employee's prescription record; a minor student's pregnancy status; sexual orientation; and an inmate's HIV status. *Doe v. Luzerne County*, 660 F. 3d 169, 175 (3d Cir. 2011) (*citing Malleus*, 641 F. 3d at 565). Courts have acknowledged that there is a sliding scale in terms of expectation of privacy: "The more intimate or personal the information, the more reasonable the expectation is that it will remain confidential." *Doe*, 660 F. 3d at 175 (*citing Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 812 F.2d 105, 112-113 (3d Cir. 1987)). The type of information protected is not subject to a bright line rule, and often requires a fact-intensive analysis. *Id* at 176.

A photograph of a crime scene depicting the image of an individual's deceased son is not the type of confidential information that is protected by the 14th Amendment. The individual privacy interest here is too far attenuated to be considered an "intimate fact of one's life." The

image described in Plaintiff's Complaint is not of her own body or personal information, it is of the image of another person's deceased body. This is simply not the type of information that is contemplated as private by the constitutional jurisprudence discussed above. Moreover, there is no reasonable expectation of privacy for this type of image, which was taken in a public place.

There is no doubt that Plaintiff has suffered indignity from the facts alleged in her Complaint, but the injury she suffered is not attributable to a constitutional protection and therefore not recoverable against the City. As a result, the Complaint fails to allege a cognizable constitutional injury, which is required to properly plead a municipal liability claim against the City.

**2. The Complaint Pleads No Facts Regarding a Municipal Policy or Custom.**

The Court should dismiss Plaintiffs' *Monell* claim against the City because Plaintiffs fail to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*. Plaintiffs' Complaint includes no allegations that imply the City was the moving force behind a constitutional violation.

The Complaint simply parrots the legal standard for municipal liability without pleading any actual facts that support the claim. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit affirmed the dismissal of a similar *Monell* claim, which set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case the only allegations are general, conclusory sentences, which fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of*

*Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). The Complaint's *Monell* averments include no such factual allegations. *See* Cmplt. at ¶¶ 27-30. Accordingly, the Court should dismiss the § 1983 claim against the City.

### 3. The *Monell* Claim Fails Because it does not Allege Conduct by a Municipal Policymaker.

The allegations in the Complaint fail to identify a municipal policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, there are no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom. *See* Cmplt. at ¶¶ 10-20 & 27-30.

Therefore, the Court should dismiss the municipal liability claim against the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion

to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

### 4. The Failure-to-Train or Discipline Claim Fails Because There is No Allegation of Prior Instances of Misconduct.

Additionally, the Complaint fails to state a failure-to-train or discipline claim because it does not identify prior instances of misconduct caused by allegedly inadequate training. Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). For "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Here, there are no allegations, other than conclusory statements, that suggest a pattern of unconstitutional conduct by untrained employees. Such pleading deficiencies necessitate the dismissal of the *Monell* claim against the City.

### B. The City Cannot be Held Liable for an Intentional Tort

The City is immune from liability with respect to Count III, claiming intentional infliction of emotional distress. The Pennsylvania Political Subdivision Tort Claims Act ("the Tort Claims Act") generally bars individuals from suing municipalities and their employees. *See* 42 Pa.C.S. § 8541 *et. seq.* A plaintiff may, however, bring a negligence claim against a Pennsylvania municipality and its employees if it falls into one of the nine narrow exceptions set forth in § 8542 of the Tort Claims Act, none of which apply here. *See* 42 Pa.C.S. § 8542(b) (Municipalities are not immune to negligence suits regarding: (1) vehicle liability; (2) personal property; (3) real property; (4) trees, traffic control devices, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) animals; and (9) sexual abuse.). These exceptions "are to be strictly construed." *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000).

The Tort Claims Act specifically immunizes the City from intentional torts. *See* 42 Pa.C.S. § 8542(a)(2); *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014) (holding the Tort Claims Act only permits suits against municipalities for "negligent acts"); *see also Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 636 (E.D. Pa. 2006) (exceptions in section 8542 apply only where injury was caused by the local agency or an employee's negligent acts).

Because the City is immune from Plaintiff's state law claim, the City is entitled to dismissal with respect to this claim as a matter of law. *See, e.g.*, *Wakshul v. City of Philadelphia*, 998 F. Supp. 585, 588 (E.D. Pa. 1998) (dismissing claims for assault, battery, and intentional infliction of emotional distress against the City of Philadelphia under the Tort Claims Act).

## IV.   CONCLUSION

The Complain fails to set forth sufficient factual allegations to support a § 1983 claim or claim under Pennsylvania law against the City. For the reasons set forth above, Defendant City of Philadelphia respectfully requests that this Court grant the motion and dismiss the claims against it with prejudice.

Date:  February 28, 2024                                         Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF GOOD FAITH

I hereby certify that I conferred in good faith with counsel for the Plaintiff regarding the issues raised in this motion in accordance with the Court's policies and procedures at subsection II(B). Following a phone call on February 20, 2024, the parties agreed to suspend the responsive pleading deadline in order to fully address the issues raised by this motion while conducting the limited identity discovery ordered by the Court. The joint request by the parties to suspend the responsive pleading deadline was denied on February 23, 2023. The Court extended the deadline to file a responsive pleading to March 1, 2024. Undersigned counsel now submits the attached motion requesting the Court dismiss Plaintiff's Complaint against the City with prejudice.

Date: February 28, 2024          Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants Partial Motion to Dismiss Plaintiffs' Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date: February 28, 2024    Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov