IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN BROOKINS, : | |
|         Plaintiff, : | |
| : | Civil No. 24-470 |
| v. : | |
| : | Jury Trial Demanded |
| P.O. HARRIS, P.O. KUBLER, SGT. CONAWAY, : | |
| P.O. CLAIR, SGT. LIBBON, P.O. STAUFFER, : | |
| LT. SEAMEN, P.O. TAYLOR, P.O SQUARES, : | |
| DET. WALSH, SGT. DOUGHERTY, : | |
| INSP. SINGLETARY, CAPT. LUCA, : | |
| CAPT. DEBELUS, INSP. BACHMEYER, : | |
| P.O. RIOTTO, P.O. HARRIS, and : | |
| THE CITY OF PHILADELPHIA, : | |
|         Defendants. : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**NOW COMES** Karen Brookins, by and through her attorneys John J. Coyle and Mark V. Maguire of McEldrew Purtell, complaining of Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, P.O. Harris, and the City of Philadelphia. In support thereof, Plaintiff avers as follows:

### NATURE OF THE COMPLAINT

1. Karen Brookins is the mother of Marcus Boone. Mr. Boone struggled with mental health issues and on March 18, 2022 Mr. Boone committed suicide by jumping from a bridge on I-95 in northeast Philadelphia. In the moments leading up to and following Mr. Boone's death,

Philadelphia police were present at the scene and formed a perimeter. In the immediate moments after Mr. Boone's death, a Philadelphia Police Officer present at the scene – took a photograph of Mr. Boone's deceased body on the ground from the vantage point of where he jumped. This photograph was then texted and shared repeatedly on social media, including on Facebook and the Citizen App. On April 6, 2022, the photograph was shown to Mrs. Brookins by complete strangers resulting in severe and traumatic mental pain and anguish.

2. After reasonable investigation, it has been determined that Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and P.O. Harris were the Philadelphia Police Officers on the scene.

3. Upon information and belief, Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris took the photograph of Plaintiff's decedent on the roadway and/or disseminated it via text and/or social media.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of Plaintiff's rights secured by the United States Constitution.

5.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

6. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) in that this

is the District where the claims arose.

## JURY DEMAND

7. Plaintiff demands a jury on all issues and claims set forth in this Complaint pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b).

## PARTIES

8. Plaintiff Karen Brookins is, and at all times relevant to this Complaint was, an adult individual and a resident of the State of New Jersey. Plaintiff Karen Brookins is the mother of Marcus Boone, deceased.

9. Defendant P.O. Harris, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 812 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

10. Defendant P.O. Kubler, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 832 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

11. Defendant Sgt. Conaway, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 8B acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

12. Defendant P.O. Clair, at all times relevant to this Complaint, was an officer of the

Philadelphia Police Department operating as Unit 8TH acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

13. Defendant Sgt. Libbon, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 8A acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

14. Defendant P.O. Stauffer, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 824 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

15. Defendant Lt. Seamen, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 8DC acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

16. Defendant P.O. Taylor, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 8SC1 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

17. Defendant P.O. Squares, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit 8SC1 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies,

customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

18. Defendant Det. Walsh, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as a Detective with Northeast Detective Division acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

19. Defendant Sgt. Dougherty, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as a Sergeant with Northeast Detective Division acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

20. Defendant Insp. Singletary, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

21. Defendant Capt. Luca, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

22. Defendant Capt. DeBelus, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as CO8 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs,

and practices of the City of Philadelphia and the Philadelphia Police Department.

23. Defendant Inspector Bachmeyer, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

24. Defendant P.O. Riotto, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit ISB10 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

25. Defendant P.O. Harris, at all times relevant to this Complaint, was an officer of the Philadelphia Police Department operating as Unit ISB10 acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the City of Philadelphia and the Philadelphia Police Department.

26. Defendant City of Philadelphia is, and at all times relevant to this Complaint, was a municipality located in the Commonwealth of Pennsylvania. The City of Philadelphia is, and at all times relevant to this Complaint, was officially responsible for the policies, customs, and practices of the Philadelphia Police Department. The City of Philadelphia was at all times relevant to this Complaint the employer of individual defendants

## OPERATIVE FACTS

27. On March 18, 2022, Marcus Boone was suffering from a severe mental health episode. On that day he went to the Knights Road overpass off I-95 near Academy Road and expressed his serious mental health concerns.

28. Philadelphia Police responded, created a perimeter, and interacted with Mr. Boone for approximately three hours.

29. Despite the interactions, Mr. Boone tragically jumped from the bridge taking his own life.

30. Upon information and belief, after Mr. Boone's death, Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris took a picture on his personal phone of Mr. Boone's body lying on the street below.

31. This photo not taken for the purposes of any investigation but rather were taken as a spectacle to be shared with gore-seeking individuals.

32. The photograph was subsequently shared via text message, Facebook, and the citizen app.

33. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris actions were not taken for any legitimate purpose but instead the result of a callous, reckless, and malicious effort to share salacious death photographs.

34. The photographs taken and shared by Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt.

Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris were wildly viewed and shared across text message and social media collecting thousands of views.

35. The circulation was so broad that on April 6, 2022, Plaintiff was shown the picture by a Sunoco gas station attendant named "Frank" who did not know the deceased was Plaintiff's son.

36. As a result of Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris conscience shocking behavior, Plaintiff Karen Brookins has suffered severe emotional distress including sleeplessness, anxiety, depression, and post-traumatic stress disorder. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris actions caused pain and debilitating worry to Plaintiff that other family members may see the photographs as well.

37. Plaintiff has sought the treatment of both a therapist and a grief counselor to deal with her mental anguish.  That treatment continues to present day.

### COUNT I: VIOLATION OF PRIVACY INTEREST
**Plaintiff v. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and P.O. Harris**

38.  Plaintiff herein incorporates the foregoing paragraphs by reference.

39. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body, violated Plaintiff's Fourteenth Amendment privacy rights.

40. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris actions were taken under color of state law and by means of his access to the crime scene as a member of the Philadelphia Police department.

41. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris actions were callous, malicious, and conscience-shocking.

42. As a result of Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris' actions, Plaintiff suffered severe emotional distress, sleeplessness, anxiety, depression, post-traumatic stress disorder and has been required to expend money for mental health care and will be required to do so in the future.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against all the Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit,

compensatory and punitive damages, and attorneys' fees under U.S.C. **§**1985 and **§**1988, and any other remedies legally appropriate.

## COUNT II: MUNICIPAL LIABILITY
*Plaintiff v. The City of Philadelphia*

43. Plaintiff herein incorporates the foregoing paragraphs by reference.

44. John Doe #1's actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body, violated Plaintiff's Fourteenth Amendment privacy rights.

45. Defendant the City of Philadelphia failed to maintain any policies or training regarding the privacy rights of family members in the context of photographing or sharing photographs of deceased individuals.

46. Defendant City failed to implement such policies despite the knowledge that officers were likely to encounter such a situation and absent training were likely to violate the rights of family members of deceased persons.

47. Defendant City's failure was the moving force behind the violation of Plaintiff's 14th Amendment rights.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Defendant pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. **§**1985 and **§**1988, and any other remedies legally appropriate.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*Plaintiff v. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris*

48. Plaintiff herein incorporates the foregoing paragraphs by reference.

49. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris' actions in taking, circulating, and posting scandalous pictures of Marcus Boone's body were shocking, callous, malicious, and without regard for human decency.

50. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris' actions were intended and did cause the extreme mental anguish and suffering of Plaintiff.

51. Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris' actions constituted willful misconduct under the law.

52. At all times relevant hereto, Defendants P.O. Harris, P.O. Kubler, Sgt. Conaway, P.O. Clair, Sgt. Libbon, P.O. Stauffer, Lt. Seamen, P.O. Taylor, P.O. Squares, Det. Walsh, Sgt. Dougherty, Insp. Singletary, Capt. Luca, Capt. DeBelus, Inspector Bachmeyer, P.O. Riotto, and/or P.O. Harris were working in the scope of their employment with Defendant the City of Philadelphia.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against the Defendants jointly and severally pursuant to state law including interest, delay damages, costs of suit, compensatory and punitive damages, and any other remedies legally appropriate.

    Respectfully submitted,

    McEldrew Purtell

    /s/ John J. Coyle
    John J. Coyle
    Mark V. Maguire
    123 South Broad Street
    Suite 2250
    Philadelphia, PA 19109
    215-545-8800
    jcoyle@mceldrewpurtell.com
    mmaguire@mceldrewpurtell.com

Date: April 2, 2024