### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

### ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of the Defendants' Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and the claims in Plaintiff's Amended Complaint against the City of Philadelphia, Officer Kubler, Sergeant Conaway, Officer Clair, Officer Stauffer, Lieutenant Seaman, Officer Squires, Detective Walsh, Inspector Singletary, Captain Luca, Captain Debelus, Inspector Bachmeyer, and Officer Riotto are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

Case 2:24-cv-00470-MAK   Document 21   Filed 04/15/24   Page 2 of 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN BROOKINS,** : | |
|     **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|     **Defendants.** : | |
| : | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia (the "City"), Officer Kubler, Sergeant Conaway, Officer Clair, Officer Stauffer, Lieutenant Seaman, Officer Squires, Detective Walsh, Inspector Singletary, Captain Luca, Captain Debelus, Inspector Bachmeyer, and Officer Riotto( collectively "Defendant Officers") hereby files this Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice.

Date: April 15, 2024                                        Respectfully submitted,

*/s/ Kathryn Faris*
Kathryn Faris
Senior Attorney
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (phone)
Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

Plaintiff, Karen Brookins, who tragically lost her son, seeks to hold the City liable for the injuries she suffered due to the allegedly callous actions of several officers. Despite the tragic facts of the case, Third Circuit case law bars the action against the City of Philadelphia ("City") under 42. U.S.C. § 1983 because Plaintiff has not suffered a cognizable constitutional injury. Moreover, the City and its employees are immune from liability with respect to an allegation of an intentional tort under Pennsylvania law. Accordingly, the City and Officer Kubler, Sergeant Conaway, Officer Clair, Officer Stauffer, Lieutenant Seaman, Officer Squires, Detective Walsh, Inspector Singletary, Captain Luca, Captain Debelus, Inspector Bachmeyer, and Officer Riotto (collectively "Defendant Officers") respectfully ask the Court to dismiss Plaintiff's claims against them with prejudice.

**I.   FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff commenced this action on January 31, 2024. ECF No. 1 In response to Plaintiff's complaint, on February 28, 2024, the City filed a motion to dismiss Plaintiff's complaint. ECF No.

---

[1] The following recitation is taken from Plaintiffs' Amended Complaint and accepted as true for the limited purposes of this motion to dismiss for failure to state a claim. *Cudjoe v. Dep't of Veterans' Affairs*, 426 F.3d 241, 244 (3d Cir. 2005); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Defendant does not concede that the allegations in the Amended Complaint are supported by a factual basis.

10 On March 27, 2024, Plaintiff filed a response to the City's motion to dismiss. ECF No. 13. Plaintiff later filed a Motion for Leave to file an amended complaint which was granted on April 3, 2024[2]. ECF No. 14; 17 Plaintiff filed her amended complaint on April 3, 2024. ECF No. 18.

Plaintiff's Amended Complaint alleges the same facts in her initial complaint but now includes several officers who were believed to have been on the scene on March 18, 2022, the day Plaintiff's son Marcus Boone, lost his battle with mental illness when he tragically jumped from a bridge in Philadelphia. *See* Am. Compl. (ECF 18 ¶¶ 27-29). Plaintiff's Amended Complaint now alleges that the Defendant Officers, photographed her son's body using a personal device for a non-law enforcement purpose. *Id* at ¶¶ 30-31. It is further alleged that the photo was shared via personal text messages, facebook, and the citizen app. *Id* at ¶ 32. Plaintiff learned of the existence of the photograph by a stranger, who did not know the individual decedent was her son. *Id* at ¶ 35. Plaintiff alleges emotional injuries from the dissemination of the photograph. *Id* at ¶¶ 36-37.

Plaintiff now brings the following claims: a violation of her constitutional privacy interests against Defendant Officers (Count I); a municipal liability claim against the City (Count II); and a claim for intentional infliction of emotional distress against Defendant Officers (Count III).

The law does not permit recovery from the City of Philadelphia nor the Defendant Officers from the claims alleged in Plaintiff's Amended Complaint, as discussed below.

## II.     LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this

---

[2] Plaintiff's Motion for Leave to Amend was unopposed by the City.

standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### III. ARGUMENT[3]

#### A. The Amended Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Although there is no doubt that Plaintiff has suffered a tragic loss and has been further subjected to callous actions by the individuals who shared a sensitive photo, her Amended Complaint does not plead a cognizable claim of municipal liability against the City under § 1983. A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior* theory of liability. To the extent Count II is brought against the City pursuant to such a theory, it should be dismissed on that basis alone.

In order to prevail against the City of Philadelphia on a claim for municipal liability, a plaintiff must allege sufficient facts to establish that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). *Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident

---

[3] City's Motion to Dismiss consists of similar argument found in its first Motion to Dismiss as the claims alleged in the Plaintiff's Amended Complaint remain the same, with additional parties added as defendants.

or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In the Third Circuit, an unconstitutional policy, practice or custom is a distinct theory of liability from failure to train, supervise, investigate and/or discipline, as the latter requires a specific showing of deliberate indifference. *See Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019), *cert. denied sub nom. City of Camden, New Jersey v. Forrest*, 140 S. Ct. 902, 205 L. Ed. 2d 465 (2020) (internal citations omitted).

> Although [the Third Circuit has] acknowledged the close relationship between policy-and-custom claims and failure-or-inadequacy claims… the avenues remain distinct: a plaintiff alleging that a policy or custom led to his or her injuries must be referring to an unconstitutional policy or custom, and a plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected.

*Forrest*, 930 F.3d at 106.

To proceed on a policy-and-custom claim, a plaintiff must identify an offending policy or custom and the way in which it led to a violation of a plaintiff's rights, *and* must demonstrate that an official with the power to make policy (i.e., a municipal "policymaker") is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom. *See Andrews*, 895 F.2d at 1480. Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

As an alternative to a policy or custom claim of municipal liability, a plaintiff can seek to establish municipal liability for failure to train or discipline. To adequately plead a failure to train

or discipline claim, "it is not enough for the plaintiff to establish merely that the disciplinary process was inadequate. Rather, the plaintiff must show that the city's failure amounted to 'deliberate indifference to the rights of persons with whom the police come into contact.'" *McDaniels v. City of Philadelphia*, 234 F.Supp.3d 637, 645 (E.D. Penn. 2017). A failure-to-discipline claim requires a pattern. *See Kirksey v. Ross.* 372 F. Supp. 3d 256, 263 (E.D. Pa. 2019). A *Monell* claim can only proceed if the well-founded, factual allegations of the Complaint establish that such policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, directly leading to the plaintiff's injury. *See, e.g., Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990).

### 1. Plaintiff's Amended Complaint fails to Adequately Plead a Constitutional Injury

Plaintiff suffered a tragic loss and experienced further suffering by the alleged actions of the Defendant Officers who posted and callously shared the photo described in the Amended Complaint. Although the actions of the Defendant Officers who took and shared the photo are rightfully subject to criticism, those actions do not rise to the level of a Constitutional violation.

Though not explicitly mentioned in the constitution, the Third Circuit has recognized two privacy interests as inferred from the 14th Amendment. The first, which is not at issue in the present case, is the interest in independent determination of certain important life decisions. *See C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 178 (3d Cir.2005), *and Malleus v. George*, 641 F.3d 560, 564 (3d Cir.2011). The second, which appears to be the subject of Plaintiff's claim for constitutional relief, is the right to not have "intimate facts concerning one's life disclosed without one's consent." *C.N.*, 430 F. 3d at 179. The key inquiry is whether the information at issue is within the individual's reasonable expectation of confidentiality. *Id* at 179.

The types of information the Third Circuit has recognized as protected by this inferred

constitutional right include: medical information of a privately employed individual sought by the government; medical, financial and behavioral information relevant to a police investigator's ability to work in dangerous conditions; a public employee's prescription record; a minor student's pregnancy status; sexual orientation; and an inmate's HIV status. *Doe v. Luzerne County*, 660 F. 3d 169, 175 (3d Cir. 2011) (*citing Malleus*, 641 F. 3d at 565). Courts have acknowledged that there is a sliding scale in terms of expectation of privacy: "The more intimate or personal the information, the more reasonable the expectation is that it will remain confidential." *Doe*, 660 F. 3d at 175 (*citing Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 812 F.2d 105, 112-113 (3d Cir. 1987)). The type of information protected is not subject to a bright line rule, and often requires a fact-intensive analysis. *Id* at 176.

A photograph of a crime scene depicting the image of an individual's deceased son is not the type of confidential information that is protected by the 14th Amendment. The individual privacy interest here is too far attenuated to be considered an "intimate fact of one's life." The image described in Plaintiff's Amended Complaint is not of her own body or personal information, it is of the image of another person's deceased body. This is simply not the type of information that is contemplated as private by the constitutional jurisprudence discussed above. Moreover, there is no reasonable expectation of privacy for this type of image, which was taken in a public place.

There is no doubt that Plaintiff has suffered indignity from the facts alleged in her Amended Complaint, but the injury she suffered is not attributable to a constitutional protection and therefore not recoverable against the City. As a result, the Amended Complaint fails to allege a cognizable constitutional injury, which is required to properly plead a municipal liability claim against the City.

### 2. The Amended Complaint Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss Plaintiffs' *Monell* claim against the City because Plaintiffs fail to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*. Plaintiffs' Amended Complaint includes no allegations that imply the City was the moving force behind a constitutional violation.

The Amended Complaint simply parrots the legal standard for municipal liability without pleading any actual facts that support the claim. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit affirmed the dismissal of a similar *Monell* claim, which set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case the only allegations are general, conclusory sentences, which fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). The Amended Complaint's *Monell* averments include no such factual allegations. *See* Am. Comp1. at ¶¶ 44-47. Accordingly, the Court should dismiss the § 1983 claim against the City.

### 3. The *Monell* Claim Fails Because it does not Allege Conduct by a Municipal Policymaker.

The allegations in the Amended Complaint fail to identify a municipal policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, there are no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom. *See* Am. Compl. at ¶¶ 27-27 & 44-47.

Therefore, the Court should dismiss the municipal liability claim against the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

### 4. The Failure-to-Train or Discipline Claim Fails Because There is No Allegation of Prior Instances of Misconduct.

Additionally, the Amended Complaint fails to state a failure-to-train or discipline claim because it does not identify prior instances of misconduct caused by allegedly inadequate training. Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. *See Connick v.*

*Thompson*, 563 U.S. 51, 60 (2011). For "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Here, there are no allegations, other than conclusory statements, that suggest a pattern of unconstitutional conduct by untrained employees. Such pleading deficiencies necessitate the dismissal of the *Monell* claim against the City.

### B. Plaintiff's Amended Complaint fails to Adequately Plead a Constitutional Violation Against Defendant Officers

Likewise, Plaintiff's Amended Complaint fails to adequately plead a constitutional violation against the Defendant Officers. For all the reasons noted above, Plaintiff's allegations, even if taken as true, fail to establish a constitutional violation of a privacy interests. This equally applies to the necessary underlying constitutional violation for a municipal liability claim, as well as Plaintiff's standalone claim against the Defendant Officers in Count I of the Amended Complaint.

Because a photograph of a crime scene depicting the image of the Plaintiff's deceased son is not the type of confidential information that is protected by the 14th Amendment, Count I of Plaintiff's Amended Complaint should be dismissed.

Count I of the Amended Complaint must also fail because Plaintiff fails to allege the personal involvement of any specific Defendant Officer. A Plaintiff must plead allegations of personal knowledge with specificity. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988). Here, Plaintiff merely recites a laundry list of Officers, alleging all or any one of them may have engaged in the specified conduct. A defendant in a civil rights action must have had personal involvement in committing the alleged violation. *Id.*; *Agresta v. City of Philadelphia*, 801 F. Supp.

1464, 1468 (E.D. Pa. 1992); *see also Reaves v. Vaugh*, 2001 WL 936392 at * 4 (E.D. Pa. Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); *Eppers v. Dragovich*,1996 WL 420830 at * 4 (E.D. Pa. July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs). Any liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers." *Agresta v. City of Philadelphia*, 801 F. Supp. 1464, 1468 (E.D. Pa. 1992). The fact that the Defendant Officers were present at the time during the investigation is not sufficient.

Because Plaintiff fails to allege any facts to demonstrate *any* of the Defendant Officers' personal involvement in the alleged conduct, Count I of Plaintiff's Amended Complaint should be dismissed.

### C. Plaintiff's IIED Claim Fails Because the Alleged Actions of the Defendant Officers Do Not Amount to Willful Misconduct

Plaintiff's intentional infliction of emotional distress ("IIED") claim against the Defendant Officers fails because the Defendant Officers did not engage in willful misconduct.

As a general rule, municipal employes are afforded the same immunity as local agencies. *See* 42 Pa. Cons. Stat. Ann. § 8545. Specifically, "an employee of a local agency is liable for civil damages…caused by acts of the employee which are withing the scope of his office or duties *only* to the same extent as his employing local agency…." *Id*. (emphasis added). In addition, municipal employees are immune from intentional torts unless their tortious actions constitute a crime, actual fraud, actual malice or willful misconduct. 42 Pa. Cons. Stat. Ann. § 8541 (establishing governmental immunity for municipalities); § 8545 (providing governmental immunity as a defense to municipal employees); § 8550 (providing exceptions applicable to employees acting with, at least, willful misconduct). Willful misconduct refers to an action taken by the defendant with the knowledge or desire to bring about the harm that followed or at least substantially certain

were to follow. *See Bright v. Westmoreland County*, 443 F.3d 276, 287 (3d Cir. 2006) (quoting *Robbins v. Cumberland County Children and Youth Services*, 802 A.2d 1239, 1252-53 (Pa. Cmwlth. 2002)).

Here, Plaintiff fails to allege any facts to suggest that the actions of the Defendant Officers were intentional nor that the Defendant Officers desired the alleged harm to the Plaintiff or were certain that the alleged harm would result from their actions. In fact, by Plaintiff's own assertions, she did not receive the photo from any of the Defendant Officers and only became aware of the photo when a stranger showed her. *See* Am. Compl. ¶ 35. Essentially, by Plaintiff's own admission, Defendant Officers did not intend the harm alleged nor were certain that the alleged harm Plaintiff suffered would occur from taking the photo.

Additionally, Plaintiff lacks any personal knowledge as to the actions of the Defendant Officers that occurred on March 18, 2022. Plaintiff merely lists the names of all officers who reported to the scene, attributing a single action to all officers while relying on speculative assertions rather than facts within her knowledge. *Id*. at ¶¶ 30-32.

Thus, because the Plaintiff has failed to allege willful misconduct, Plaintiff's claims of IIED should be dismissed.

**IV.   CONCLUSION**

The Amended Complaint fails to set forth sufficient factual allegations to support a § 1983 claim or claim under Pennsylvania law against the City and Defendant Officers. For the reasons set forth above, Defendants respectfully requests that this Court grant the motion and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Date:  April 15, 2024				Respectfully submitted,


						*/s/ Kathryn Faris*
						Kathryn Faris
						Senior Attorney
						Pa. Attorney ID No. 318580
						City of Philadelphia Law Department
						1515 Arch Street, 14th Floor
						Philadelphia, PA 19102
						215-683-5445 (phone)
						Kathryn.faris@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN BROOKINS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 24-470** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF GOOD FAITH

I hereby certify that I conferred in good faith with counsel for the Plaintiff regarding the issues raised in this motion in accordance with the Court's policies and procedures at subsection II(B). Undersigned counsel now submits the attached motion requesting the Court dismiss Plaintiff's Amended Complaint against the Defendants with prejudice.

Date: April 15, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Kathryn Faris*
　　　　　　　　　　　　　　　　　　　　　　Kathryn Faris
　　　　　　　　　　　　　　　　　　　　　　Senior Attorney
　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 318580
　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　215-683-5445 (phone)
　　　　　　　　　　　　　　　　　　　　　　Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN BROOKINS,** :<br>         **Plaintiff,** :<br>                           :<br>      v.                      :<br>                           :<br>**CITY OF PHILADELPHIA, et al.,** :<br>         **Defendants.** :<br>                           : | **Civil Action**<br>**No. 24-470** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion to Dismiss Plaintiff's Amended Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date: April 15, 2024                           Respectfully submitted,

                                                                 */s/ Kathryn Faris*
                                                                  Kathryn Faris
                                                                  Senior Attorney
                                                                  Pa. Attorney ID No. 318580
                                                                 City of Philadelphia Law Department
                                                                 1515 Arch Street, 14th Floor
                                                                  Philadelphia, PA 19102
                                                                 215-683-5445 (phone)
                                                                 Kathryn.faris@phila.gov